ROD M. FLIEGEL, Bar No. 168289
ALISON S. HIGHTOWER, Bar No. 112429
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
SAFEWAY INC. and ALBERTSONS COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA MATHEWS and SHARMARRAY ROSS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY, INC. AND ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No. 3:19-cv-4261<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1331, 1332(d), 1441(a) and (b) and 1446]**<br><br>(Alameda County Superior Court Case No. RG19021948) |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No. 3:19-cv-4261

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants SAFEWAY INC. (erroneously sued as "SAFEWAY, INC.") and ALBERTSONS COMPANIES, INC. ("Defendants") hereby remove this action brought by Plaintiffs JOHANNA MATHEWS and SHARMARRAY ROSS ("Plaintiffs") (collectively, the "Parties") in the California Superior Court, County of Alameda — with reservation of all defenses and rights — to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a) and (b), and 1446.

## I.  INTRODUCTION

1. On June 6, 2019, Plaintiff Johanna Mathews filed a Complaint against Defendants in Alameda County Superior Court entitled JOHANNA MATHEWS v. SAFEWAY INC. and ALBERTSONS COMPANIES, INC., Case No. RG19021948 (hereinafter the "State Court Action").

2. On June 14, 2019, Plaintiffs Johanna Mathews and Sharmarray Ross filed a First Amended Complaint for Damages and Injunctive Relief (the "FAC") against Defendants in the State Court Action.

## II.  REMOVAL IS TIMELY

3. This Notice of Removal is timely because Defendants are filing the Notice of Removal within 30 days from the date on which the Summons was deemed effectively served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A true and correct copy of the Complaint, FAC, Summons, and all other process that have been served on Defendants to initiate the State Court Action is attached hereto as **Exhibit A**. Service was completed on June 25, 2019, and proofs of service were filed with Alameda County Superior Court on June 28, 2019. Thus, in accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice of Removal within 30 days of service.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.                                Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

## III. REMOVAL JURISDICTION

### A. The Court Has Original Jurisdiction Over Plaintiffs' FCRA Claims, Which Present Federal Questions

4. Plaintiffs' FAC alleges violations of the federal Fair Credit Reporting Act, 15 U.S.C § 1681, *et seq.* ("FCRA"). (FAC, ¶¶ 21-36.) Plaintiffs contend that a "Notice and Disclosure Statement" provided to Plaintiffs to authorize a background report violated the FCRA's disclosure requirement in 15 U.S.C. § 1681(b)(2)(A). (FAC, ¶¶ 26-28.) Thus, the State Court Action is removable to this Court because it has original jurisdiction over the federal questions presented by Plaintiffs' Complaint pursuant to 28 U.S.C. §§ 1331 and 1441(a).

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims over which it does not have original federal question jurisdiction because they form part of the same case or controversy as those claims over which the Court has original jurisdiction. Separate claims "form part of the same case or controversy" when they involve "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiffs' non-FCRA claims arise from the same alleged acquisition and use of various reports as Plaintiffs' FCRA claims, and thus all of Plaintiffs' claims arise out of a common nucleus of operative facts. (*See*, *e.g.*, FAC, ¶¶ 37-68.) Plaintiffs allege that Defendants' "Notice and Disclosure Statement" form that supposedly violates the FCRA also violates the California Investigative Consumer Reporting Agencies Act ("ICRAA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). (*Id.*, ¶¶ 37-59.) Plaintiffs further allege that the claimed violations of the FCRA, ICRAA and the ICRAA are "unlawful business practices" that violate California Business & Professions Code § 17200 *et seq*. (*Id.*, ¶¶ 60-68.)

6. The Court consequently has supplemental jurisdiction over all other claims for relief under California law. 28 U.S.C. § 1367(a).

## IV. VENUE IS PROPER

7. The district and division embracing the place where the State Court Action is pending is the San Francisco or Oakland Division of this Court. *See* 28 U.S.C. §§ 84(a) and 1441(a).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.                                                   Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

## V. INTRADISTRICT ASSIGNMENT

8. All civil actions that arise in the County of Alameda shall be assigned to the San Francisco or Oakland Division. Northern District Local Rule 3-2(c)(e), 3-5(b).

## VI. REMOVAL JURISDICTION PURSUANT TO CAFA

9. This Court also has original jurisdiction over this action pursuant to CAFA. CAFA grants federal district courts original jurisdiction over class action lawsuits filed under federal or state law in which there are greater than 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446. This case meets each of CAFA's requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) there is diversity between at least one putative class member and one defendant; (3) the total amount in controversy exceeds $5,000,000; and (4) the defendants are not a state official or other governmental entity.

### A. Plaintiffs' Case Is Pled as a Class Action.

10. Under CAFA, a "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11. Plaintiffs' FAC asserts that Plaintiffs are attempting to represent various classes of former, current, and prospective applicants or employees of Safeway during time periods starting from two to seven years before the filing of the action. (*See* Exhibit B, FAC ¶ 12.)

### B. Plaintiffs Bring This Action on Behalf of More Than 100 Persons.

12. CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(l)(D).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.    Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

13. Here, the putative classes that Plaintiffs purport to represent significantly exceed one hundred (100) members.

14. Plaintiffs' "FCRA Class" seeks to certify a class consisting of "[a]ll of Safeway's current, former, and prospective applicants for employment in the United States who applied for a job with Safeway, and for whom a background check was performed by Safeway without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." (FAC, ¶ 12a.) Defendant Safeway estimates the total number of applicants screened nationwide during the last five years exceeds 50,000 individuals. (*See* Declaration of Toni North in Support of Notice to Federal Court of Removal of Civil Action from State Court ("North Decl."), ¶ 3.)

15. Plaintiffs' "ICRAA Class" seeks to certify a class consisting of "[a]ll of Safeway's current, former, and prospective applicants for employment in California who applied for a job with Safeway in California, and for whom a background check was performed by Safeway without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." (FAC, ¶ 12b.) Plaintiffs' "CCRAA Class" seeks to certify a class consisting of "[a]ll of Safeway's current, former, and prospective applicants for employment in California who applied for a job with Safeway in California, and for whom a background check was performed by Safeway without proper disclosure, during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action." (FAC, ¶ 12c.) Plaintiffs' "UCL Class" seeks to certify a class consisting of "[a]ll of Safeway's current, former, and prospective applicants for employment in California who applied for a job with Safeway in California, and for whom a background check was performed by Safeway without proper disclosure, during the period beginning four years prior to the filing of this action and ending on the date that final judgment is entered in this action." (FAC, ¶ 12b.)

16. Defendant Safeway estimates the total number of applicants in California during the last four years exceeds 10,000 individuals. (North Decl., ¶ 2.) Because Plaintiffs' proposed classes significantly exceed one hundred (100) members, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.   Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

### C. Plaintiffs Are Citizens of California and Defendant Albertsons Is a Citizen of Idaho.

17. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence can be prima facie evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship). According to Plaintiffs' FAC, both Plaintiffs reside in and are citizens of California. (FAC, ¶¶ 5-6.) Therefore, Defendants assert Plaintiffs are citizens of California for purposes of removal jurisdiction.

19. For diversity purposes, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

20. Plaintiff alleges that Defendant Albertsons Companies, Inc. is a corporation formed under the laws of Delaware with its principal place of business in Boise, Idaho. (FAC, ¶ 8.)

21. For these reasons, the requirements for diversity jurisdiction are met because Plaintiffs and Albertsons are citizens of different states.

### D. More Than $5 Million Is In Controversy.

22. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the matter in controversy exceeds this amount.

23. Plaintiffs have not alleged a specific amount in controversy in their FAC. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). That is, the defendant need only provide evidence establishing that it is "more likely than not" that the amount in controversy

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.   Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

1  exceeds CAFA's $5 million requirement. *Id.* at 699; *accord, Rodriguez v. AT & T Mobility Serv.*
2  *LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

3  24.  "In measuring the amount in controversy, a court must assume that the
4  allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims
5  made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d
6  993, 1001 (C.D. Cal. 2002) (internal quotations omitted*). See also Schere v. Equitable Life*
7  *Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or
8  provable amount of damages is not what is considered in the removal analysis; rather, it is the
9  amount put in controversy by plaintiff's complaint).  The estimate of the amount in controversy
10 should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of
11 the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir.
12 2002) (citation omitted).

13 25.  Further, as one district court held, "[u]nder this standard, 'the removing
14 party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the
15 plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS
16 21571, at *19-20 (E.D. Cal. 2014) (citations omitted) (denying remand motion).  That court noted
17 that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good faith, and
18 based on evidence whenever possible,' the court may find that the '(d)efendant has established by a
19 preponderance of the evidence that the amount in controversy is met.'" *Id.* at *20, quoting
20 *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted).
21 Importantly, Defendants need not provide summary judgment-type evidence. *Cagle*, 2014 U.S. Dist.
22 LEXIS 21571, at *21.

23 26.  While Defendants deny Plaintiffs' claims of wrongdoing and their request for
24 relief, the facial allegations in Plaintiffs' FAC, when viewed in the light most favorable to Plaintiffs,
25 exceeds the $5 million jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,
26 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations,
27 sufficient to support finding that jurisdictional limits satisfied).

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.   Case No.  3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

27.   Pursuant to the FCRA, Plaintiffs seek statutory or actual damages, punitive damages, and attorney's fees for Defendants' alleged violations of the FCRA disclosure requirement. (FAC, ¶¶ 30-31.)  Pursuant to the FCRA, statutory damages are awarded by the trier of fact within the range of no less than $100 and no more than $1,000 per individual for willful violations. 15 U.S.C § 1681n.  Safeway obtained background checks on more than 50,000 individuals for employment purposes in the United States during the relevant five-year limitations period. (North Decl., ¶ 2.)  At the lowest amount of statutory damages that can be awarded per individual ($100), Plaintiffs thus have placed in controversy at least $5 million in statutory damages.[1]  This does not include attorney's fees, which Plaintiffs also seek pursuant to the FCRA. (FAC, ¶ 31.)

28.   Plaintiffs in addition seek statutory or actual damages, punitive damages and attorney's fees from Defendants pursuant to the ICRAA and CCRAA.  (FAC, ¶¶ 48 and 59.) Plaintiffs presumably seek $10,000 in damages per class member pursuant to California Civil Code section 1760.50.  Plaintiffs also seek restitution of these statutory damages and other equitable relief pursuant to California's "unfair competition law" going back four years.  (FAC, ¶¶ 64-68.) Safeway's records indicate that it obtained background checks on at least 10,000 job applicants in California during the relevant four-year period.  (North Decl., ¶ 2.)  The amount in controversy according to Plaintiffs' FAC thus exceeds $5 million.[2]  Again, this does not include attorney's fees, which Plaintiffs also seek pursuant to California law.  (FAC, ¶¶ 59 and 65.)

29.   These calculations of potential damages are based solely on Plaintiffs' claims for statutory damages.  Plaintiffs also have asserted claims against Defendants for alleged actual damages and punitive damages.  (*Id.*)  These claims would significantly increase potential exposure.

30.   Accordingly, although Defendants deny Plaintiffs' claims of wrongdoing and all class allegations, based on the foregoing, Plaintiffs' claims for statutory damages, actual damages, attorney's fees, and other monetary relief conservatively exceed the jurisdictional minimum under CAFA.

---

[1] Defendants do not concede that Plaintiffs can establish an alleged willful or any other violation.
[2] Defendants do not concede that Plaintiffs are entitled to recover class-wide statutory damages.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.   Case No.  3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT

1    31. By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

## VII. EXHIBITS

32. Pursuant to 28 U.S.C. § 1446(a), the following are attached as Exhibits hereto: A copy of the Complaint, Summons, and the Civil Case Cover Sheet that have been served on Defendants to initiate the State Court Action is attached hereto as **Exhibit A**. A copy of Plaintiffs' FAC and Summons is attached hereto as **Exhibit B**. A copy of the Proofs of Service filed by Plaintiffs with the Court reflecting service on June 25, 2019 of the pleadings initiating the State Court Action is attached hereto as **Exhibit C**. A copy of the Superior Court's June 12, 2019 Notice of Hearing is attached hereto as **Exhibit D**. A copy of the Superior Court's July 17, 2019 Order designating the State Court Action as complex is attached hereto as **Exhibit E**. A copy of the Answer to the First Amended Complaint filed in the State Court Action July 24, 2019 is attached hereto as **Exhibit F**.

## VIII. NOTICE TO PLAINTIFFS AND STATE COURT

33. Promptly after the filing of this Notice of Removal in this Court, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal, including exhibits, will be filed with the Alameda County Superior Court Clerk, as required by 28 U.S.C. § 1446(d).

34. Counsel for Defendants has signed this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendants give notice that they have removed to this Court the Action now pending in Alameda County Superior Court.

Dated: July 25, 2019

*/s/ Alison S. Hightower*
ROD M. FLIEGEL
ALISON S. HIGHTOWER
LITTLER MENDELSON, P.C.
Attorneys for Defendants SAFEWAY INC. and ALBERTSONS COMPANIES, INC.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.     Case No. 3:19-cv-4261
NOTICE OF REMOVAL TO FEDERAL COURT